UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN KANE, | Case No. 2:14-CV-1001 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant State Farm Mutual Automobile Insurance Co.'s ("State Farm") motion for partial summary judgment. (Doc. # 20). Plaintiff Steven Kane filed a response (doc. # 48), and defendant filed a reply (doc. # 51).

**I.    Background**

The instant action is for underinsured motorist benefits by plaintiff. Plaintiff's claim arises out of a motor vehicle accident that occurred on December 26, 2012, in Pahrump, Nevada. Plaintiff was struck by an adverse driver who failed to stop at a four-way stop sign. (Doc. # 20 at 3).

Plaintiff is the named insured under State Farm policy 076 3197-E10-28. (Doc. # 20, exh. B). The policy's limits are for $25,000 per person/$50,000 per accident for liability and $15,000 per person/$30,000 per accident for underinsured/uninsured motorist coverage. (*Id.*).

The adverse driver was insured by Allstate Insurance Co. ("Allstate"), with liability limits of $15,000 per person/$30,000 per accident. (Doc. # 20 at 2, exh. A). Allstate tendered its liability limits of $15,000 to plaintiff around December 4, 2013. (Doc. # 1-1 at 4; doc. # 20-13 at 8).

On September 11, 2013, plaintiff sent a letter to State Farm claiming that the $15,000 tendered to him by Allstate was insufficient to cover his medical expenses. (Doc. # 1-1 at 4; doc.

**James C. Mahan**
**U.S. District Judge**

# 20-4 at 2). Plaintiff requested "an offer of settlement" from State Farm regarding his underinsured motorist policy with them. (Doc. # 1-1 at 4; doc. # 20-4 at 2). Plaintiff claimed that his medical expenses totaled $9,748, and noted that he would supplement his wage loss since that could not yet be determined.[1] (Doc. # 20-4 at 5).

State Farm offered plaintiff $1,000 to settle his claim. On October 3, 2013, State Farm sent a letter to plaintiff's counsel to confirm that a State Farm representative had spoken with a member from plaintiff's counsel's office regarding the $1,000 settlement offer. (Doc. # 20-4). Upon receiving no response from plaintiff, State Farm then sent letters on November 20, 2013, January 27, 2014, and May 27, 2014, to follow up. (Doc. # 20-4 at 16, 18, 20).

At some point, a State Farm claim representative prepared an evaluation with respect to plaintiff's claim.[2] The representative evaluated plaintiff's past medical bills as $7,642 and past pain and suffering between $6,000 and $10,000 for a total claim value of $13,642 to $17,642.[3] (Doc. # 20-4 at 11).

On June 5, 2014, plaintiff initiated the instant action in the Eighth Judicial District Court for Clark County, Nevada. (Doc. # 1-1). Plaintiff asserts five claims for relief: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) a "Violation of

---

[1] In plaintiff's response to State Farm's motion for summary judgment he asserts he has incurred $12,439.01 in medical bills as a result of his injuries. Plaintiff does not provide any evidence to support this number.

[2] State Farm asserts that the representative prepared the evaluation on September 25, 2013. (Doc. # 20 at 4). However, State Farm's exhibit of the evaluation lists the date as June 13, 2014. (Doc. # 20-4 at 9-12).

[3] As mentioned previously, defendant claimed that his medical expenses totaled $9,748. The differences in calculations are as follows. State Farm's representative did not include in her fiscal assessment cervical x-rays from February 11, 2013, because plaintiff had cervical x-rays taken one month earlier on January 3, 2013. (Doc. # 20-4). This removed a cost of $150. (*Id.*). The representative also did not include the cost of plaintiff's massage treatments or the April 12, 2013, treatment by Dr. William Muir, spine specialist, because there was nothing in the evaluation from the chiropractor to indicate why plaintiff was referred to a spine specialist after plaintiff reported significant improvement in his pain. (Doc. # 20-4). This removed costs of $896 (massage), and $1016 (spine specialist). (*Id.*). Finally, State Farm did not include the costs of any medical visits after March 14, 2013. The court notes that plaintiff calculated his massage treatments to be $940, (*see* doc. # 20-4 at 5), while State Farm calculated them to be $896, (*see id.* at 10), a difference of $44.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Nevada Insurance Trade Practices" under Nevada Revised Statutes ("NRS") § 686A.310 (4) "Refusal to Pay Insurance Benefits;" and (5) punitive damages. (Doc. # 1-1).

State Farm removed the instant action on June 20, 2014. (Doc. # 1). State Farm now moves for partial summary judgment regarding plaintiff's claims for bad faith/breach of the covenant of good faith and fair dealing, statutory violations, and punitive damages. (Doc. # 20).

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

**James C. Mahan**
**U.S. District Judge**

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

### III. Discussion

*A. Bad faith/breach of covenant of good faith and fair dealing*

"Under Nevada law, 'bad faith' exists where insurer denies claim without any reasonable basis and with knowledge that no reasonable basis exists to deny claim." *Schumacher v. State Farm Fire & Cas. Co.,* 467 F. Supp. 2d 1090, 1095 (D.Nev.2006) (citing *U.S. Fidelity & Guar. Co. v. Peterson,* 540 P.2d 1070 (Nev.1975)).

Here, there is no evidence of bath faith because State Farm did not deny plaintiff's claim, it just paid a different value than plaintiff requested. Plaintiff alleges that the amount paid under the policy was less than what it should have been, which is insufficient to show bad faith. *See id.* at 1096 (finding that such an allegation "makes the complaint more of one based upon statutory

**James C. Mahan**
**U.S. District Judge**

1  violations of NRS 686A.310 than it does a bath faith action"); *see also Nelson v. Safeco Ins. Co.*
2  *of Illinois*, No. 2:10-CV-241-JCM-LRL, 2011 WL 841358, at *2 (D. Nev. Mar. 8, 2011).

3  State Farm has presented evidence confirming that plaintiff received $15,000 from Allstate,
4  the insurance company covering the liable party in the accident. (Doc. # 20-13 at 8). State Farm
5  has also presented evidence that it offered plaintiff an additional $1,000 to make his total possible
6  recovery $16,000, an offer which plaintiff did not accept or respond to. (Doc. # 20-4 at 16, 18,
7  20). Plaintiff has not presented any evidence to show that State Farm failed to properly compensate
8  him for his injuries. Thus, it appears that plaintiff has disclosed, by his calculation, $9,748 in
9  medical expenses and received $15,000 in compensation. Accordingly, defendant's motion for
10 summary judgment is granted as to this claim for relief.

11 *B.  NRS § 686A.310*

12 Plaintiff alleges that the defendant violated NRS § 686A.310 in handling his claim. Plaintiff
13 does not identify which specific provisions he claims defendant violated. To the extent that
14 plaintiff is alleging that he was not offered fair compensation for his injuries—plaintiff has not put
15 forth any evidence to support a claim that he was entitled to the entire contract benefits when the
16 underinsured motorist claim was presented to State Farm. The ultimate issue is whether all the
17 injuries claimed by plaintiff in presenting his underinsured motorist claim were the result of
18 injuries sustained in the accident and whether State Farm's investigation and evaluation of
19 plaintiff's claim was reasonable.

20 The evidence presented demonstrates that State Farm determined liability, investigated
21 plaintiff's injury claim with the assistance of medical professionals, evaluated plaintiff's claim,
22 and extended an offer to plaintiff. Plaintiff did not respond to State Farm's offer.

23 Plaintiff fails to cite to any communications he or his attorney made to which State Farm
24 did not respond promptly; facts demonstrating that State Farm compelled him to initiate litigation
25 in order to recover under the policy; or facts supporting a violation of any provision of NRS §
26 686A.310. Plaintiff's case presents nothing more than a reasonable dispute as to the value of his
27 underinsured motorist claim. No evidence in the record supports plaintiff's allegation that State
28 Farm violated any provision of NRS § 686A.310.

**James C. Mahan**
**U.S. District Judge**

Further, defendant has provided the expert opinion of Dr. Andrew M. Cash. (Doc. # 20-12). Dr. Cash opined that, based on plaintiff's medical records, State Farm's conclusion that plaintiff's treatment after March 14, 2013, was superfluous and unrelated to the accident. (*Id.* at 17). Plaintiff has not put on any evidence that he was not offered fair compensation for his claim. Accordingly, defendant's motion for summary judgment is granted as to this claim for relief.

### C. Punitive damages

A plaintiff must demonstrate by clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, express or implied, to receive an award of punitive damages. N.R.S. § 42.005(1). This standard requires that the plaintiff produce evidence "so clear as to leave no substantial doubt[,]" *Wynn v. Smith,* 16 P.3d 424, 431 (Nev. 2001), that the defendant "acted with a culpable state of mind[,]" *Countrywide Home Loans, Inc. v. Thitchener,* 192 P.3d 243, 255 (Nev. 2008). Where a plaintiff has not met this burden, the court may deny a claim for punitive damages as a matter of law. *See e.g., Warmbrodt v. Blanchard,* 692 P.3d 1282, 1286 (Nev. 1984) (superseded by statute on other grounds) (holding permissible a trial court's refusal to give a punitive damages instruction where evidence to support such damages had not been received in the case).

In the instant case, the plaintiff has failed to present clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, either express or implied. The defendant never denied plaintiff's claim. Just as a dispute over the amount to be paid under the agreement is insufficient to support a claim for bad faith, as noted above, the court similarly finds the allegation insufficient to support a claim for punitive damages. *See Nelson*, 2011 WL 841358, at *3 (citing *Schumacher*, 467 F. Supp. 2d at 1096); *Wyrick v. Am. Family Mut. Ins. Co.*, 2:12-cv-566-JCM-GWF, 2013 WL 4046256, at *3 (D. Nev. Aug. 8, 2013) (same). Summary judgment is appropriate as to this claim for relief. *See Nelson*, 2011 WL 841358, at *3.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that State Farm's motion for partial summary judgment (doc. # 20) be, and the same hereby is, GRANTED, with respect to plaintiff's second, third, and fifth causes of action.

DATED May 14, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**